GREGORY V. SHARKEY
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
500 W. Kennedy Blvd.
Lakewood, NJ 080701
(732)370-3100 Fax (732) 370-0125
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERESSA LOPEZ Administratrix ad Prosequendum of the Estate of RICHARD A. NORDSTROM and EDWARD NORDSTROM,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LYNCH; BRIAN COLLINS; SHAWN CAVALCANTE; WILLIAM BRASE; MANCHESTER TOWNSHIP; MANCHESTER TOWNSHIP POLICE DEPARTMENT; and JOHN DOES,<br><br>Defendants. | Civil Action No.<br><br>Hon.<br><br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiffs Teressa Lopez, Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom and Edward Nordstrom allege and say:

**INTRODUCTORY STATEMENT**

1. This is a civil action seeking money damages and attorney's fees against Michael Lynch, Brian Collins, Shawn Cavalcante, and John Does who are police officers in Manchester Township, County of Ocean, and State of New Jersey for committing acts under the color of law which deprived plaintiffs' decedent Richard A. Nordstrom (hereinafter "Decedent") of rights secured under the Constitution of the United States, and for refusing and neglecting to prevent such deprivations and denials to Decedent. Plaintiff also alleges that those individuals conspired to and

1

did violate the constitutional rights of Decedent. Plaintiff further alleges that Manchester Township, Manchester Township Police Department, and former Manchester Township Chief of Police William Brase are liable for Plaintiff's damages because they failed to instruct, supervise, control and discipline Defendants Lynch, Collins, Cavalcante, and other unnamed individuals and each of them on a continuing basis; and this failure was a result of official policy, or the result of custom, practice and usage of Manchester Township; and that the policy makers of Manchester Township acted with reckless and negligent indifference to the rights of the residents of Manchester Township and that said conduct caused the deprivation of Decedent's rights secured to him under the United States Constitution, the laws of the United States, and the laws of the State of New Jersey.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 and the Second, Fourth and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

4. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under New Jersey Statutes, the United States Constitution and the Common Law of the State of New Jersey.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 inasmuch as all Defendants are subject to personal jurisdiction at the time the action is commenced, and a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in the District of New Jersey.

## PARTIES

6. Plaintiff Teressa Lopez is Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom (hereinafter "Decedent"). She is the daughter of Decedent and a citizen in residence of the City of Elizabeth, County of Union, State of New Jersey and the United States of America.

7. Plaintiff Edward Nordstrom is the father of Decedent and a citizen in residence of Manchester Township, County of Ocean, State of New Jersey and the United States of America.

8. At all times referred to herein, Defendant Michael Lynch (hereinafter "Lynch") was a police officer in the Manchester Township Police Department and was acting in such capacity as an agent, servant and employee of Manchester Township and its police department, and was acting under the direction of and control of Manchester Township and its police department, and was acting pursuant to official policy, or custom, practice, and usage of Manchester Township and its police department.

9. At all times referred to herein, Defendant Brian Collins (hereinafter "Collins") was a police officer in the Manchester Township Police Department and was acting in such capacity as an agent, servant, and employee of Manchester Township and its police department, and was acting under the direction and control of Manchester Township and its police department, and was acting pursuant to official policy, or custom, practice and usage of Manchester Township and its police department.

10. At all times referred to herein, Defendant Shawn Cavalcante (hereinafter "Cavalcante") was a police officer in the Manchester Township Police Department and was acting in such capacity as an agent, servant, and employee of Manchester Township and its police department, and was acting under the direction and control of Manchester Township and its police department, and was

acting pursuant to official policy, or custom, practice and usage of Manchester Township and its police department.

11. At all times referred to herein, Defendant John Does are fictitious persons unknown to Plaintiff who were police officers or former Chiefs of Police in Manchester Township, County of Ocean, and State of New Jersey and who were acting in such capacity as agents, servants, and employees of Manchester Township and its police department, and were acting under the direction and control of Manchester Township and its police department, and were acting pursuant to official policy, or custom, practice and usage of Manchester Township and its police department.

12. Defendant Manchester Township (hereinafter "Township"), Ocean County, New Jersey is a municipal corporation organized and existing under the laws of the State of New Jersey. The Township acted through its agents, servants, and employees Lynch, Collins, Cavalcante, John Does, and Defendant William Brase, the former Chief of Police, who was the policymaker for the police department.

13. Plaintiff sues Defendants Lynch, Collins, Cavalcante, John Does, and Brase each in their individual and official capacities.

14. At all times referred to herein, Defendants Lynch, Collins, Cavalcante, and John Does acted under the color of laws, statutes, ordinances, regulations, policies, and usages of the State of New Jersey, Manchester Township Police Department, and pursuant to their authority as police officers of the police department.

15. On May 30, 2010, Defendant Manchester Township Police Department received a call from Andrew Nordstrom about an alleged assault committed by Decedent. As a result of that call

Defendants Lynch, Collins, and Cavalcante, while on duty as police officers in the employ of Manchester Township, were assigned to respond and investigate.

16. The Defendants Lynch, Collins, and Cavalcante arrived at the residence of Decedent at 3219 Wilbur Avenue in Manchester Township. Defendants Lynch, Collins, and Cavalcante proceeded onto the property, walked around Decedent's residence and learned that Decedent was in an unattached garage adjacent to his residence.

17. Decedent was lawfully in his garage wholly within his rights to be present upon his property.

18. At all times referred to herein, Defendants Lynch, Collins, and Cavalcante failed to confer with Andrew Nordstrom and investigate the assault alleged in his call to the Manchester Township Police Department. If Defendants Lynch, Collins, and Cavalcante had conferred with Andrew Nordstrom, they would have learned that the assault alleged was a simple assault.

19. At all times referred to herein, the Decedent's parents Edward Nordstrom and Darlene Nordstrom were present at the residence when the Defendants arrived. The Defendants Lynch, Collins, and Cavalcante failed to confer with them and investigate the assault alleged. If Defendants Lynch, Collins, and Cavalcante had conferred with Edward Nordstrom and Darlene Nordstrom, they would have learned that the assault alleged was a simple assault.

20. At all times referred to herein, Defendants Collins and Cavalcante knew Decedent.

21. Before the Defendants Lynch, Collins, and Cavalcante encountered the Decedent in his garage, they were informed that the Decedent was under the influence of alcohol, and that he did not possess a firearm.

22. At all times referred to herein, Defendants Lynch, Collins, and Cavalcante knew or should have known that Decedent was under the influence of alcohol.

23. At all times referred to herein, the Defendants Lynch, Collins, and Cavalcante knew or should have known that because the Decedent was under the influence of alcohol, he did not comprehend or could not comprehend their commands.

24. At all times referred to herein, Defendants Lynch, Collins, and Cavalcante searched the area around the garage, located the Decedent in the garage, surrounded and entered the garage, and shot Decedent to death.

25. If the Defendants Lynch, Collins, and Cavalcante had conducted an investigation before Decedent was shot to death, they could have confirmed that Decedent was under the influence of alcohol, that Decedent did not possess a firearm, and there was no justification for use of deadly force.

26. At all times referred to herein, the Defendants Lynch, Collins, and Cavalcante claimed that Decedent had a firearm which he intended to use against the Defendants. The firearm alleged to be in Decedent's possession was a toy gun.

27. All such failures by the Defendants constituted negligence which was the proximate cause of Decedent's death. The use of deadly force by defendants Lynch, Collins, and Cavalcante was negligent, reckless, and without justification.

28. Defendants Lynch, Collins, Cavalcante, John Does, and the Manchester Township Police Department violated the Rules and Regulations of the Manchester Township Police Department. Said defendants also violated the Attorney General's Use of Force Policy, the Attorney General's Use of Deadly Force Policy, and the Attorney General's Firearms Training Policy.

## COUNT I

### EXCESSIVE USE OF FORCE BY DEFENDANTS
### LYNCH, COLLINS, CAVALCANTE, AND OTHER UNNAMED INDIVIDUALS
### COGNIZABLE UNDER 42 U.S.C. 1983

29.     Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom incorporates each and every allegation and averment set forth in Paragraphs 1-28 of this Complaint as if fully set forth herein.

30.     As a direct and proximate result of the aforesaid unlawful and negligent shooting death of Decedent committed under the color of law, and under Defendants Lynch, Collins, and Cavalcante's individual authority as Manchester Township Police Officers, Decedent Richard A. Nordstrom suffered serious bodily injury and was killed. Decedent was deprived of his right to be secure in his person, against unreasonable search and entry of his residence and curtilage, and the use of excessive force in violation of the Second, Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

31.     As a direct and proximate result of the unlawful and negligent conduct of Defendants Lynch, Collins, and Cavalcante, Decedent's life ended at age 42.

32.     If Plaintiff prevails, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom demands judgment against Defendants Lynch, Collins, Cavalcante, and other unnamed individuals jointly and severally for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and for punitive damages in the amount of Ten Million Dollars

($10,000,000.00) plus costs of this action, attorney fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### SUPERVISORY LIABILITY OF DEFENDANTS MANCHESTER TOWNSHIP, MANCHESTER TOWNSHIP POLICE DEPARTMENT AND MANCHESTER TOWNSHIP CHIEF OF POLICE WILLIAM BRASE COGNIZABLE UNDER 42 U.S.C. 1983

33.     Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom incorporates each and every allegation and averment set forth in Paragraphs 1-32 of this Complaint as if fully set forth herein.

34.     At the time of Decedent's death, Defendant William Brase (hereinafter "Brase") served as Chief of Police for the Defendant Manchester Township Police Department. During his tenure as the Chief of Police for Manchester Township, Defendant Brase and his predecessors were the Commanding Officers of Defendants Lynch, Collins, Cavalcante, and John Does. As Commanding Officers, Defendant Brase and his predecessors were responsible for the training, instruction, supervision, discipline, and control of Defendants Lynch, Collins, Cavalcante, and John Does in accordance with the New Jersey Attorney General's Use of Force Policy issued April 1985 and June 2000.

35.     Defendant Brase and his predecessors as Chiefs of Police knew, or in the exercise of due diligence should have known, that training was required to ensure that the Decedent would not be shot to death in the garage of his residence by Defendants Lynch, Collins, and Cavalcante, that training was required to ensure that Defendants Lynch, Collins, and Cavalcante would not use deadly force, and that training was required to ensure they understood that their mission of law enforcement

was to "protect and serve". Defendant Brase and his predecessors failed to take any preventative or remedial measures to guard against such conduct as is more fully set forth and described herein; and had they taken such measures, Decedent would not have suffered the deprivation of his rights and his death at age 42. The failure of Defendant Brase amounted to gross negligence, deliberate indifference or deliberate misconduct which proximately caused the death of the Decedent. Defendant Brase failed to train, instruct, and supervise Defendants Lynch, Collins, Cavalcante, and John Does and said failure caused the Plaintiff's damages.

36. As a direct and proximate cause of the aforesaid unlawful, malicious, and negligent acts of Defendants Brase and Manchester Township, Decedent was deprived of his right to be secure in his person against unlawful and unreasonable seizure of his person and premises and curtilage, and Decedent was further deprived of his right to equal protection of the law in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

37. If Plaintiff prevails, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom demands judgment against the Defendants Brase and Manchester Township for punitive damages in the amount of Ten Million Dollars ($10,000,000.00) plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### EXCESSIVE USE OF FORCE BY DEFENDANTS LYNCH, COLLINS, AND CAVALCANTE IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1

38. Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom incorporates each and every allegation and averment set forth in Paragraphs 1-37 of this Complaint as if fully set forth herein.

39. As a direct and proximate result of the aforesaid unlawful acts of Defendants, Decedent's substantive rights, privileges or immunities secured by the laws of the State of New Jersey have been interfered with by persons acting under color of law.

40. As a direct and proximate result of the negligent and outrageous conduct of Defendants Lynch, Collins, Cavalcante, and John Does, Decedent's life ended at age 42.

41. If Plaintiff prevails, Plaintiff is entitled to an award of attorney's fees and costs pursuant to N.J.S.A. 10:6-2(f).

**WHEREFORE**, Plaintiff Teressa Lopez Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom demands judgment against Defendants Lynch, Collins, and Cavalcante jointly and severally for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and for punitive damages in the amount of Ten Million Dollars ($10,000,000.00) plus costs of this action, attorney fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT IV

## EDWARD NORDSTROM COMPLAINT FOR
## PORTEE v. JAFFEE DAMAGES

42.     Plaintiff Edward Nordstrom incorporates each and every allegation and averment set forth in Paragraphs 1-41 of this Complaint as if fully set forth herein.

43.     At all times referred to herein, Plaintiff Edward Nordstrom was the father of Decedent Richard A. Nordstrom.

44.     At all times referred to herein, Plaintiff Edward Nordstrom was at his residence when the Defendants Lynch, Collins, and Cavalcante proceeded onto his property and learned that Decedent was in the unattached garage adjacent to his residence.

45.     At all times referred to herein, Plaintiff Edward Nordstrom stood at the garage and witnessed the negligent, reckless, and unlawful shooting death of his son Richard A. Nordstrom.

46.     As a direct and proximate result of the aforesaid conduct of the Defendants Lynch, Collins, and Cavalcante, Plaintiff Edward Nordstrom suffered emotional distress and is entitled to damages in accordance with the case of Portee v. Jaffee.

**WHEREFORE**, Plaintiff Edward Nordstrom demands judgment against Defendants Lynch, Collins, Cavalcante, William Brase, Manchester Township, Manchester Township Police Department, and John Does jointly and severally for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and for punitive damages in the amount of Ten Million Dollars ($10,000,000.00) plus costs of this action, attorney fees and such other relief as the Court deems fair and appropriate under the circumstances.

## JURY DEMAND

Plaintiff Teressa Lopez, Administratrix ad Prosequendum of the Estate of Richard A. Nordstrom demands a trial by jury as to all issues so triable.

GREGORY V. SHARKEY
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
**Attorneys for the Plaintiff**

BY: _____
GREGORY V. SHARKEY

Dated:     May 29, 2012

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

GREGORY V. SHARKEY
ATTORNEY AT LAW
A PROFESSIONAL CORPORATION
**Attorneys for the Plaintiff**

BY: _____
GREGORY V. SHARKEY

Dated:     May 29, 2012